UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LAWRENCE WAYNE FRANCIS, II,<br><br>Plaintiff,<br><br>v.<br><br>SGT. BARRIER, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 1:25-CV-149-TAV-CHS |

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner proceeding pro se and *in forma pauperis* [*See* Doc. 5]. Before the Court is Plaintiff's motion, filed under Rule 59 of the Federal Rules of Civil Procedure, to correct the Court's Order dated August 13, 2026, denying Plaintiff's motion to amend or supplement his complaint [Doc. 13]. For the reasons set forth below, the motion [Doc. 13] will be **DENIED**.

## I. BACKGROUND

On May 19, 2025, this Court screened Plaintiff's complaint in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e) and 1915A [Doc. 5]. The Court found Plaintiff's complaint failed to state a claim for relief under § 1983 but permitted Plaintiff an opportunity to file an amended complaint as to his allegations that he was deprived of adequate warmth for a 5-day period while housed in the Roger D. Wilson Detention Facility [*See* Doc. 5, pp. 4, 15–17]. The Court ordered Plaintiff to provide "specific facts" concerning his lack-of-warmth claim but ordered him to "avoid conclusory legal statements or arguments in this amended complaint" [*Id.* at 16]. The Court provided Plaintiff with 14

days to file an amended complaint [*Id.* ¶ 7].

Plaintiff did not timely file an amended complaint. But on June 8, 2025, Plaintiff signed a motion requesting an extension of time within which to comply with the Court's Order to do so [Doc. 6]. On June 30, 2025, the Court granted Plaintiff's motion and permitted him through July 8, 2025, to file his amended complaint [Doc. 7].

Plaintiff did not comply with the Order extending time, nor did he otherwise further communicate with the Court. Thereafter, on August 5, 2025, the Court dismissed this action for failure to state a claim and failure to prosecute and comply with Court orders [Docs. 8, 9]. The Clerk mailed the Court's Memorandum Opinion and Judgment Order to Plaintiff's address of record at the Bledsoe County Correctional Complex ("BCCX") [*Id.*]. On August 18, 2025, the envelope bearing the Court's rulings was returned undeliverable because Plaintiff was no longer at BCCX [Doc. 10].

Nothing more transpired in this action until August 11, 2026, when the Court received Plaintiff's motion "to correct the record[,]" in which Plaintiff (1) claimed he was not able to file his amended complaint because he has not had access to the law library to look up case law; (2) claimed newly discovered evidence supports his "claims for corruption" at the Roger D. Wilson Detention Facility; (3) asked the Court to "add" to this lawsuit a newspaper article dated June 2, 2026, concerning corruption in Knox County; and (4) asked the Court to permit him 60 days within which to file an amended/supplemental pleading [*See generally* Doc. 11]. The motion listed Plaintiff's address as Morgan County Correctional Complex ("MCCX") [*Id.* at 4].

On August 13, 2026, the Court entered an Order denying Plaintiff's motion, noting

that there was no active case before the Court to amend or supplement [Doc. 12]. The Court also (1) noted that Plaintiff's motion was filed from an address different from his address of record, (2) directed the Clerk to mail a copy of the Order to both Plaintiff's address of record and the address listed on his motion, and (3) reminded Plaintiff that the Court's Local Rules require him to notify the Clerk in writing of any address change within 14 days of such change of address [*Id.* n.1].

On August 31, 2026, the Court received the instant motion, in which Plaintiff argues that he did not receive a copy of the Court's August 5, 2025, Memorandum Opinion and Judgment Order dismissing his case, and that justice requires permitting him to amend his complaint and present his case to a jury [Doc. 13]. Plaintiff again lists his address as the MCCX [*Id.*]. But he still has not filed a written notice with the Clerk of this change.

## II. ANALYSIS

Although Plaintiff maintains that he seeks to challenge the Court's ruling denying his August 11, 2026, motion, the instant motion is really an attack on the Court's August 5, 2025, Memorandum Opinion and Judgment Order dismissing his case. And because Plaintiff filed the instant motion more than 28 days after this action was dismissed, the Court construes Plaintiff's motion under Rule 60(b) of the Federal Rules of Civil Procedure. *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (providing that a motion seeking reconsideration "that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)").

Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." (quoting *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993))). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is well settled that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted).

First, Plaintiff did not file the instant motion within one year of this Court's August 5, 2025, judgment dismissing this action. Therefore, he cannot obtain relief under Rule

60(b)(1)–(3). *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Second, relief is available under Rule 60(b)(4) if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law'." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (6th Cir. 1992)). Plaintiff has not shown that this Court lacked jurisdiction over his complaint or the parties, or that it "acted in a manner inconsistent with due process of law." *Antoine*, 66 F.3d at 108. Thus, his motion fails under this subsection.

Next, Rule 60(b)(5) permits post-judgment relief if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Rule 60(b)(5). Plaintiff's motion does not fall within this subsection.

Accordingly, Plaintiff must obtain relief, if at all, under Rule 60(b)(6). Rule 60(b)(6) permits a district court to grant a motion for relief from judgment for "any other reason" justifying relief. Fed. R. Civ. P. 60(b); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule.'" (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989))). This provision permits a motion to be filed with a "reasonable time[.]" Fed. R.

Civ. P. 60(c)(1). While the Court's discretion in ruling on a Rule 60(b)(6) motion is broad, district courts only grant such a motion in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365; *Ford Motor Co. v. Mustangs Unlimited, Inc*., 487 F.3d 465, 468 (6th Cir. 2007).

Here, Plaintiff claims that he did not receive a copy of the Court's August 5, 2025, Memorandum Opinion and Judgment Order and seeks production of the BCCX mail log to prove it [*See* Doc. 13]. And because he is entitled to present his case to a jury, he maintains, Rule 15 of the Federal Rules of Civil Procedure requires that he be permitted leave to amend his complaint [*Id.*]. But these arguments fail. First, Plaintiff did not receive a copy of the August 5, 2025, Memorandum Opinion and Judgment Order dismissing this action because he failed to keep the Court apprised of his address as required by the Court's orders and Local Rules [*See* Doc. 10 (returned mail noting Plaintiff was no longer at BCCX)]. Second, this action was dismissed after Plaintiff failed to comply with the Court's Order requiring him to file an amended complaint [Docs. 8, 9]. And there is no question that Plaintiff did, in fact, receive the Order with that requirement, as he sought and was granted an extension of time within which to file his amended complaint but nonetheless failed to do so [*See* Docs. 6, 7]. Finally, "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff's initial complaint failed to state a claim [*see* Doc. 5], and despite the Court's leniency in permitting him to file an amended complaint rather than dismissing this action outright, Plaintiff failed to comply with the Court's Order. Accordingly, Plaintiff has not

presented the Court with any exceptional or extraordinary circumstances warranting relief from the Court's final ruling. *See* Fed. R. Civ. P. 60(b)(6); *Olle*, 910 F.2d at 365.[1]

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for relief [Doc. 13].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

[1] And insofar as Plaintiff argues that this Court erred in its August 13, 2026, Order refusing to permit him to amend/supplement his complaint, "a party may not seek to amend their complaint without first moving to alter, set aside[,] or vacate judgment pursuant to either Rule 59 or Rule 60" following entry of final judgment. *Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002).